MARTIN LACKIN, Respondent, v. THE PRESIDENT, &c., OF THE DELAWARE & HUDSON CANAL COMPANY, Appellant.

*Liability of a railroad company for an animal killed on its track, through its neglect to maintain cattle-guards and fences—interest on the value of the animal killed, when allowed.*

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought to recover damages for the loss of the plaintiff's mare, killed while straying on the defendant's track.

The court, at General Term, said : " The referee has found, and, as we think, on sufficient evidence to sustain the finding, that the mare got upon the defendant's road without the fault of the plaintiff, and was there struck and killed by the defendant's train, and that the injury was occasioned through the defendant's omission to construct and maintain cattle-guards at road-crossings, or to maintain a fence along the line of the road, as by law required. The evidence sustains these findings in all reasonable probability. A different finding would be unreasonable, and, as we think, would be clearly against the preponderance of proof.

" Accepting these facts as well found, with those entirely uncontroverted, and the defendant's liability is beyond peradventure. (*Crawford* v. *New York Central & Hudson River R. R. Co.*, 18 Hun, 108.) The case cited, with those there referred to, covers every point that can be raised in this, excepting, perhaps, the objection that the referee allowed interest upon the value of the property destroyed in the estimate of damages. In this he is sustained by the decision in *Parrott* v. *Knickerbocker & N. Y. Ice Co.* (46 N. Y., 361), and in *Whitehall Transportation Co.* v. *New York Steamboat Co.* (51 N. Y., 369). These cases have never been questioned as we can learn. They are not referred to in *White* v. *Miller* (9 Week. Dig., 153), and cannot therefore be declared to be overruled by that case."

*J. G. Runkle*, for the appellant.

*J. F. Crawford*, for the respondent.

Opinion by BOCKES, J.; FOLLETT, J., concurred; LEARNED, P. J., taking no part.

Judgment affirmed, with costs.